United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SANJIV KAKKAR,<br>Defendant. | Case No. 5:13-cr-00736-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL**<br><br>Re: Dkt. Nos. 179, 190 |

The instant criminal action has been remanded to this court by the Ninth Circuit Court of Appeals for the limited purpose of ruling on Defendant Sanjiv Kakkar's ("Defendant") motion for bail pending appeal. Dkt. No. 190. Such motion will be denied for the following reasons.

**I.  BACKGROUND**

A jury convicted Defendant Sanjiv Kakkar ("Defendant") on November 8, 2016, of one count of making false statements to a bank in violation of 18 U.S.C. § 1014, and six counts of wire fraud in violation of 18 U.S.C. § 1343. Dkt. No. 151. The court sentenced Defendant to serve concurrent custodial terms of 48 months for each of the counts, and judgment was entered accordingly on April 10, 2017. Dkt. Nos. 162, 166.

Defendant appealed from the convictions and sentence and filed a motion for bail pending appeal in the district court. Dkt. Nos. 163, 179. The motion came on for hearing on July 31, 2017, and the court issued an oral ruling denying the motion at 2:38 p.m. Tr., Dkt. No. 189, at 6:1-19. However, after the court announced its ruling and ordered Defendant remanded, Defendant's attorney suddenly announced he had filed "a motion with the Ninth Circuit which will stay [Defendant's] custody at this point until the Ninth Circuit decides." Id. at 6:20-24. The

Case No.: 5:13-cr-00736-EJD
ORDER DENYING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL

1

court noted the timing of the motion in the Ninth Circuit - filed that same day at 1:37 p.m. without notification to the court - was "interesting" and "somewhat unusual." Id. at 11:12; 12:1. Defendant's attorney stated he had "choreographed" the event "for days." Id. at 11:12; 12:1; 16:6.

After reviewing the relevant authorities, including Circuit Rule 9-1.2(e) and United States v. Fuentes, 946 F.2d 621 (9th Cir. 1991), as well as the timing of the court's oral ruling denying bail in relation to the time Defendant's attorney filed the motion in the Ninth Circuit, the court determined (1) Defendant's attorney had filed the motion in the Ninth Circuit while Defendant was still released on bail, and (2) Circuit Rule 9-1.2(e) provided for an automatic stay of Defendant's surrender date pending a bail ruling from the Ninth Circuit. Id. at 19:14-21. Consequently, the court ordered that Defendant was not remanded "until the Ninth Circuit disturbs that." Id. at 20:1-4.[1]

## II. LEGAL STANDARD

Under 18 U.S.C. § 3143(b), "a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, [must] be detained . . . ." However, the court may permit an exception to this mandate and grant bail pending appeal if it finds:

(1) "by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released;" and

(2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the total of time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1).

The defendant "bears the burden of showing that she is not a flight risk or a danger to any

---

[1] A subsequent written order was issued at the request of the United States Marshals Service to clarify that the conditions of Defendant's release remained as ordered prior to sentencing. Dkt. No. 185. The court understands this written order may have created confusion in the record because it insinuates that Defendant's motion for bail pending appeal was granted by the district court, when it was not.

Case No.: 5:13-cr-00736-EJD
ORDER DENYING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL
2

other person or to the community." United States v. Wheeler, 795 F.2d 839, 451 (9th Cir. 1990).

**III.   DISCUSSION**

In the motion and reply he filed in the district court, Defendant pointed out several reasons why he was unlikely to flee. Dkt. Nos. 179, 184. Specifically, Defendant indicated that, though he was not a citizen of the United States, he was a permanent resident and had surrendered his passport. He has lived in this country for 28 years and had "strong familial, business and community ties to the state." Defendant's immediate family, including his wife and children, all reside in the United States. Defendant also noted he had complied with all conditions of release prior to trial and "kept all court dates and made required appearances."

In its opposition, the Government pointed out that because Defendant is not a citizen, he has expressed a concern that he will be deported as a result of the conviction after serving a substantial custodial sentence. Dkt. No. 183. Based on that information, the Government observed that Defendant "has every incentive to leave now before serving the sentence." The Government also stated that Defendant's "deceitful" and "dishonest" conduct in relation to the crimes of conviction as well as in relation to other transactions, which includes certain conveyances of assets to his children during the pendency of the criminal case and related civil litigation, show that Defendant intends to continue to engage in improper practices at the expense of others.

Looking at the first section of § 3143(b)(1), Defendant has not shown by clear and convincing evidence that he is not a flight risk. As noted, and despite his connections to the United States, Defendant is not a citizen and has an undeniably compelling motivation to flee given the convictions, the length of the sentence imposed, and the possibility of deportation. Though Defendant argues he is unlikely to self-deport now, avoidance of the gravity of the legal process he faces - including four years of incarceration with a possible immigration proceeding to follow - provides a substantial reason for Defendant to leave the jurisdiction. In addition, Defendant did not provide specific examples of any "strong" business and community ties to California, despite the allusion in his pleadings. But given the fraudulent conduct underlying the

Case No.: 5:13-cr-00736-EJD
ORDER DENYING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL
3

convictions and the fact he transferred assets and placed them out of the reach of potential creditors, the court does not believe that any existing business or community ties are strong enough to prevent Defendant from seeking to evade the consequences of his actions.

Nor has Defendant met his burden to show by clear and convincing evidence that he would not pose a danger to the community if released pending appeal. This consideration can encompass a defendant's propensity to commit both physical and pecuniary harm. United States v. Reynolds, 956 F.2d 192, 192-93 (9th Cir. 1992). Here, the transfer of assets to Defendant's children in an effort to prevent their loss, though perhaps not technically illegal, demonstrates Defendant's disposition toward accumulating and preserving his financial position in any way possible, even after the convictions. Furthermore, the court finds persuasive the Government's representation that Defendant continued to engage in potentially fraudulent insurance claims related to the conduct for which he was ultimately convicted while the criminal case was pending. Defendant's record on release, though noted, does not mitigate these circumstances. The court therefore concludes that Defendant will continue to constitute an economic danger to the community if permitted release.

Because Defendant has not made the requisite showing under the first section of § 3143(b)(1), the court need not address the parties' argument under the second section. Defendant's motion will be denied because the court finds he is likely to flee and poses a danger to the community if released.

## IV. ORDER

Defendant's motion for bail pending appeal (Dkt. No. 179) is DENIED. This constitutes the district court's ruling in response to the limited remand.

**IT IS SO ORDERED.**

Dated: September 20, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:13-cr-00736-EJD
ORDER DENYING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL
4