UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SANJIV KAKKAR,<br><br>Defendant. | Case No. 5:13-cr-00736-EJD-1<br><br>**ORDER REQUESTING RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**<br><br>Re: Dkt. Nos. 201, 203 |

On November 8, 2016, Defendant Sanjiv Kakkar was found guilty of one count of making false statements to a bank in violation of 18 U.S.C. § 1014 and six counts of wire fraud. Dkt. No. 151. On April 10, 2017, Defendant was sentenced to 48 months on each count, to be served concurrently. Dkt. No. 166.

Presently before the Court is Defendant's motion to vacate, set aside or correct his sentence, which was filed on August 26, 2019. Dkt. No. 201. Defendant contends his motion is timely, having been filed within one year of the date after the Ninth Circuit denied his petition for panel rehearing. Dkt. No. 203; *see also Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.").

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct a

Case No.: 5:13-cr-00736-EJD-1
ORDER REQUESTING RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255
1

sentence by demonstrating (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without justification to impose such a sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

Liberally construed, Defendant's claim for ineffective assistance of counsel and prosecutorial misconduct appear cognizable under § 2255 and merits a response from Plaintiff. Accordingly, the Court orders as follows:

1. The Clerk shall serve a copy of this Order as well as a copy of Defendant's motion and supporting materials upon the United States Attorney. The Clerk shall also serve a copy of this Order upon Defendant.

2. Within **sixty (60) days** of the issuance of this Order, Plaintiff shall file with the Court and serve on Defendant an Answer showing cause why the requested relief should not be granted.

3. If Defendant wishes to respond to the Answer, he shall do so by filing a traverse with the Court and serving it on Plaintiff within **thirty (30) days** of receipt of the Answer.

4. Plaintiff may file a motion to dismiss on procedural grounds in lieu of an Answer within the same timeframe stated above. If Plaintiff files such a motion, Defendant shall file with the Court and serve on Plaintiff an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Plaintiff shall file with the Court and serve on Defendant a reply within **fifteen (15) days** of receipt of any opposition.

5. The Court advises Defendant that it is his responsibility to prosecute this case. Defendant is reminded that any and all communications with the Court must be served upon Plaintiff by mailing a copy of the document to Plaintiff. Defendant must also keep the Court and all

parties informed of any change of address by filing a separate document captioned "Notice of Change of Address."

**IT IS SO ORDERED.**

Dated: December 18, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:13-cr-00736-EJD-1
ORDER REQUESTING RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255