1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SANJIV KAKKAR,<br><br>    Defendant. | Case No.  5:13-cr-00736-EJD-1<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR A PROMPT HEARING ON COUNT ONE AND FOR SUMMARY JUDGMENT ON COUNTS TWO THROUGH SEVEN**<br><br>Re: Dkt. No. 225 |

On November 8, 2016, a federal jury convicted Petitioner on all seven charges contained in the Superseding Indictment.  Dkt. 151.  Specifically, Petitioner was convicted on Count One: Making a False Statement to a Bank, in violation of 18 U.S.C. § 1014, and Counts Two through Seven: Wire Fraud, in violation of 18 U.S.C. § 1343.  *Id.*

On April 10, 2017, the Court sentenced Petitioner to 48 months' imprisonment and three years' supervised release.  Petitioner appealed his conviction to the Ninth Circuit Court of Appeals, and on April 16, 2018, the Ninth Circuit affirmed his conviction and upheld his sentence.

On August 26, 2019, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  Dkt. 201.  Among his claims, Petitioner alleged that his defense counsel provided ineffective assistance by (1) failing to properly investigate the facts of the False Statement to a Bank charged as Count One, and (2) failing to properly investigate the facts of Wire Fraud charged as Counts Two through Seven.  *Id.*, at 14–23.  Petitioner further alleged that he is

1    actually innocent of all seven charges of these charges.  *Id.* at 21–23.

2        On October 24, 2019, the Court ordered Petitioner to file supplemental briefing explaining

3    why his motion was not time barred.  Dkt. 202.  Petitioner filed this supplemental briefing on

4    December 16, 2019.  Dkt. 203.  Two days later, the Court ordered the United States to respond to

5    Petitioner's Motion.  Dkt. 204.

6        On January 9, 2020, the United States filed its Motion for Waiver of Petitioner's Attorney-

7    Client Privilege.  Dkt. 209.  On January 10, 2020, the Court issued an Order Giving Notice of

8    Limited Waiver of Attorney-Client Privilege.  Dkt. 211.  The Order stated that Petitioner could

9    preserve his attorney-client privilege by (1) abandoning his ineffective assistance of counsel

10   claims and withdrawing his § 2255 motion or (2) indicating his intent to do so by March 30, 2020.

11   *Id.*  The Order further stated that if Petitioner failed to file such notice, the Court would conclude

12   that Petitioner had agreed to waive his attorney-client privilege.  *Id.*

13       On January 16, 2020, Petitioner filed a motion for enlargement of time to respond to the

14   United States' opposition and requested that "the deadline for his response be extended

15   additionally ninety (90) days, until on or before September 13, 2020."  Dkt. 212.  The Court

16   granted Petitioner's request.  Dkt. 213.

17       On April 15, 2020, the Court issued a second order regarding limited waiver of attorney-

18   client privilege.  Dkt. 217.  The Order directed Petitioner to respond by June 1, 2020, and clarify

19   the scope of his request for an extension of time.  *Id.*

20       On April 30, 2020, Petitioner filed his response and agreed to waive his attorney-client

21   privilege with respect to the ineffective assistance of counsel claims alleged in his § 2255 motion.

22   Dkt. 221.  On May 22, 2020, the Court granted limited waiver of Petitioner's Attorney-Client

23   Privilege and ordered defense counsel to furnish materials no later than July 1, 2020.  Dkt. 223.

24       On June 29, 2020, the United States received an email from Petitioner's trial counsel,

25   Eduardo Roy, requesting an extension of time to provide responsive materials to July 6, 2020. Dkt.

26   266-1 at ¶ 4.  The United States granted Mr. Roy's request. *Id.*  As of the date of this Order, the

27   Case No.: 5:13-cr-00736-EJD-1
     ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR A PROMPT
28   HEARING ON COUNT ONE AND FOR SUMMARY JUDGMENT ON COUNTS TWO
     THROUGH SEVEN

United States District Court
Northern District of California

United States District Court
Northern District of California

1  United States has not yet received the relevant materials from Mr. Roy; the United States

2  anticipates that these materials will relate to Petitioner's innocence claims.

3       On June 30, 2020, Petitioner moved the Court for a "prompt hearing date such that his

4  innocence on count one can be demonstrated and additionally all the grounds mentioned in his

5  motion persuant [sic] to 28 U.S.C. § 2255 can be heard." Dkt. 225 at 2. Petitioner also moved for

6  summary judgment as to counts two through seven on the grounds that he is "actually innocent" of

7  these charges. On July 6, 2020, the United States filed an opposition to Petitioner's motion to

8  expedite the hearing on any or all of his § 2255 claims. Dkt. 226.

9       Petitioner's claims of actual innocence regarding count one overlap with his claim of

10  ineffective assistance of counsel and defense counsel's alleged failure to investigate the facts

11  pertaining to count one. Likewise, his allegations of innocence as to counts two through seven

12  overlap with the allegations in his § 2255 motion. Petitioner's requests for a prompt hearing and

13  for summary judgment are thus premature. The briefing of Petitioner's § 2255 motion is not yet

14  completed. *See United States v. Neal*, 2012 WL 4856022, at *1 (E.D. Cal. Oct. 11, 2012)

15  (denying without prejudice the petitioner's motion for summary judgment because briefing on the

16  petitioner's § 2255 motion was still pending); *see also Waters v. Experian Info. Sols, Inc.*, 2012

17  WL 1965333, at *4 n. 2 (S.D. Cal. May 31, 2012) ("This Court typically finds pre-answer

18  summary judgments premature and unhelpful."). As in *Neal*, the United States has not yet

19  responded to Petitioner's § 2255 motion. Accordingly, because they are premature, Petitioner's

20  motion for a prompt hearing on count one and for summary judgment on counts two through

21  seven is **DENIED without prejudice**.

22       **IT IS SO ORDERED.**

23  Dated: July 9, 2020

24  _____

25  EDWARD J. DAVILA
    United States District Judge

26

27  Case No.: 5:13-cr-00736-EJD-1
    ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR A PROMPT
28  HEARING ON COUNT ONE AND FOR SUMMARY JUDGMENT ON COUNTS TWO
    THROUGH SEVEN